Curia, per

Earle, J.
From the number of cases in our *books of reports, arising out of the liability of administrators and their securities, one would suppose that a new point could hardly arise. Yet I think there are some errors prevailing among the profession on this subject, as I think there are some ill-considered dieta scattered through the cases. One of these is, that no action at all can be maintained on the administration bond, against the securities, until the administrator has been cited before the Ordinary to account, and there has been a decree against him. A creditor of the estate has no claim to go before the Ordinary for an account; nor has the Ordinary any jurisdiction to decree the payment of his debt, or to make any decree that would avail him in the collection of it. When the suit on the bond is for the heirs at law or distributees, an account before some tribunal is necessary, in order to ascertain for what sum, after the payment of debts, the administrator is *249 liable. A creditor suing on the bond, has only to establish his debt against the estate of the intestate, and show that assets have come to the hands of the administrator, sufficient to pay it, which have been misapplied. The conclusion of the Court, in the Ordinary vs. Jones, (4 McC. 113,) is, that “ no action should be had upon the bond, until by a proper course of proceeding, the claim of the creditor be established, and it be ascertained that there are assets sufficient to pay his demand, or a devas-tavit be clearly and formally established against the administrator.”
The evidence in the case before us, comes up to the requisition of the rule thus laid down. The demand of the creditor was established against the estate of Rouse, in the action at law against the administrator, in which there was a verdict for the plaintiff, after full defence, and on full proof. Had the plaintiff proceeded to suggest a devastavit, and furnished the evidence which was produced in Equity, or exhibited the proceedings, he must have had judgment de bonis propriis against the administrator, which would have fixed the securities, in a subsequent action against themselves. And it seems to me, that the only inquiry to be made is, whether the proceedings in Equity furnish sufficient evidence, that on accounting, under the decree of that court, for the personal estate, the administrator had assets to pay the demand claimed of him, and that he wasted them or misapplied them. The suit there was instituted by the heirs at law, for partition of the real, and an account of the personal, estate. A portion of the bond ^creditors, and among them Glover, for whom this action is brought, interprosed a claim to be paid out of the real estate; and upon taking the account of the personal estate, it appeared that assets had come to the hands of the administrator, sufficient to pay Glover’s debt, which he applied to the payment of simple contract debts, after notice. This was a devastavit in him, which makes the securities liable. All the persons interested in the estate, were parties to that proceeding ; which was in effect beneficial to the securities : for whatever was received by the creditors out of the sales of the land, diminished their liability to that extent; and they have very little reason to complain that they are only made liable for the balance. That the creditors resorted to Equity to obtain payment out of the land, in no degree lessens their claim to proceed at law against the administrator or his securities. And without giving effect to the report, confirmations, and orders in Equity, as res judicata, establishing a devastavit, the other evidence before the court below was enough for that purpose. The written notice of Glover’s debt was served on the administrator, the 2Tth January, 1830; and his account filed with the Ordinary, exhibited an amount of three thousand dollars, then in his hands, and paid, subsequently, to simple contract debts. This, with the return of nulla bona on the execution against the administrator, abundantly establishes the devastavit. The administrator has not performed his undertaking, faithfully to administer the personal assets. And the failure of the creditor to obtain the whole of his debt out of the real estate, is no defence to his action against the securities, who are justly liable, upon the same proof which would have been sufficient against their principal. There is no pretence for the charge of laches against the creditor, admitting that to be a valid defence ; although it would not be, for he gave timely notice *250 of bis demand; and both tbe personal estate was exhausted, and the land sold for partition, before he obtained judgment. That a sufficient sum was not retained to pay all the bond debts, was not the fault of the plaintiff, but of the administrator, and the heirs at law.
See Sup. 100; 7 Rich. 179; 3 Bur. 530; Wiley vs. Johnson, 6 Rich. 358. An.
Hunt and Thomson, for the motion. Grimke, contra.
The judgment of the Circuit Court is affirmed.
The whole Court concurred.